IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **John W. Ferron**  :  <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **Zoomego, Inc.,** *et. al.* : <br> : <br> **Defendants** : | **Case Number 2:06-cv-751** <br><br> **JUDGE ALGERNON L. MARBLEY** |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on a Motion to Dismiss filed by Defendants Zoomego, Inc. and Restoration Media, another Motion to Dismiss filed by Defendant Vente, Inc, and a Motion for Judgment on the Pleadings filed by Defendants Subscriberbase Holdings, Inc. and Consumer Research Corporation (collectively, "Defendants"). For the reasons set forth herein, the Court **GRANTS** Defendants' Motions.

### II. BACKGROUND

#### A. FACTS

Plaintiff Ferron has internet access and an email address maintained by an internet service provider in Ohio. Beginning on January 1, 2005 and continuing until the present, Defendants have transmitted hundreds of emails to plaintiff's email account. Compl. ¶13, 14. These emails purported to give plaintiff something for free, or notified him that he was to receive a prize. Compl. ¶15 (a) & (d). These emails did not, however, give the complete details of the offer or contain information such as: the obligations or conditions that must be met to collect on the offer, the

condition that a sales promotional event must be attended in order to collect the prize, the eligibility standards necessary to collect the prize, the contact information of the company sponsoring the contest or giveaway, and the odds of winning the prize. Compl. ¶ 15.

### B. PROCEDURAL HISTORY

On September 1, 2006, Plaintiff filed a Complaint for Money Damages, Declaratory Judgment and Injunctive Relief against named and unnamed defendants who "acting alone, or in concert with one another, knowingly, intentionally and purposefully transmitted hundreds of email messages that passed through the servers of Plaintiff's Internet Service Providers and were forwarded to Plaintiff's Internet email accounts." Compl. ¶ 14.  Plaintiff asserts that Defendants "knowingly, intentionally and purposefully committed one or more unfair and/or deceptive acts and/or practices in violation of Ohio Revised Code $1345.02." Compl. ¶ 15.

On October 31, 2006, Defendant Vente filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for not meeting the heightened standards of proof necessary under the 9(b) rule for fraud claims.  On November 1, 2006 Plaintiff filed a Memorandum in Opposition to Defendant Vente's Motion to Dismiss.  On November 15, 2006, Defendant Vente filed a Reply memorandum.

On November 3, 2006, Defendants Subscriberbase and Consumer Research filed a Motion for Judgment on the Pleadings for failure to state a claim for which relief can be granted and for not meeting the heightened standards of proof necessary under the 9(b) rule for fraud claims.  On November 6, 2006 Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings.  On November 16, 2006 Defendants replied.

On November 21, 2006 Defendants Zoomego and Restoration Media filed a Motion to Dismiss for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and for not meeting the heightened standards of proof necessary under the 9(b) rule for fraud claims. On November 27, 2006 Plaintiff filed a response in Opposition to Defendant's Motion to Dismiss. No reply was filed.

These Motions are now ripe for decision.

### III. STANDARD OF REVIEW

#### A.  Failure to State a Claim (Rule 12(b)(6))

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of the complaint. *Davis H. Elliot Co., Inc. v. Caribbean Utils. Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975). When considering such motion, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all "factual allegations and permissible inferences therein." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Legal conclusions framed as factual allegations, however, are accorded no such presumption. *Lewis v. ACB Bus. Serv., Inc*. 135 F.3d 389, 405 (6th Cir. 1998). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1975)). The court's focus is on whether the plaintiff is entitled to offer evidence to support the claims, and not on whether the plaintiff will ultimately prevail. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*.

A plaintiff need not include all the particularities of the claim against the defendant in order to survive a 12(b)(6) motion. *Brooks v. am. Broad. Co., Inc.,* 932 F.2d 495, 497 (6th Cir. 1991). Pursuant to the Federal Rules of Civil Procedure, the complaint need only set forth the basis of the court's jurisdiction, a short and plain statement of the claim entitling the plaintiff to relief, and a demand for judgment. See Fed. R. Civ. Pro. 8(a). A court will grant a motion for dismissal under 12(b)(6) only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health and Recovery Bd.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).

### B. Failure to Specifically Plead (Rule 9(b)).

"Rule 9(b) of the Federal Rules of Civil Procedure provides that in a complaint alleging fraud, "the circumstances constituting fraud ... shall be stated with particularity." FED.R.CIV.P. 9(b). The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. *Michaels Bldg. Co. v. Ameritrust Co.,* N.A., 848 F.2d 674, 679 (6th Cir.1988). The Sixth Circuit read rule 9(b)'s requirement "liberally, ... requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.*" Coffey v. Foamex* 2 F.3d 157, 161-62 (6th Cir.1993) (internal quotation marks and citation omitted). This liberal reading stems from the influence of Rule 8, which "requires a 'short and plain statement of the claim,' and calls for 'simple, concise, and direct' allegations." See *id.; Michaels Bldg. Co.*, 848 F.2d at 679 (quoting FED.R.CIV.P.

8(a), (e)). Even against Rule 8's "backdrop admonition of simplicity in pleading," id., "[h]owever, allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Coffey*, 2 F.3d at 162 (internal quotation marks and citation omitted)." *Advocacy Organization for Patients and Providers v. Auto Club Insurance Agency* 176 F.3d 315 (6th Cir. 1999.)

### C. Judgment on the Pleadings (Rule 12(c))

"A Rule 12(c))"motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.*" Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir.1991). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [her] claim that would entitle [her*] to relief." Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir.2001)." *Rawe v. Liberty Mut. Fire Ins. Co.* 462 F.3d 521 (6th Cir. 2006).

### IV. ANALYSIS

Defendants' various Motions all argue for dismissal based on a failure to state the claims with the specificity required under Fed. R. Civ. P. 9(b) and for dismissal for failure to state a claim for which relief can be granted under 12(b)(6) or 12(c) which are reviewed under the same standard. *Diegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-512 (6th Cir. 2001).  The claims of all Motions being identical, all will be addressed together.

### 1. Rule 9(b)

Plaintiff claims that because his claim is brought under the Unfair and Deceptive Sales Act and not a fraud statute, he should not be held to the elevated standard of Rule 9(b). Plaintiff, however, misconstrues the necessity of meeting the standards of Rule 9(b) when making an unfair trade/sales practices claim. In *Delahunt v. Cytodyne Technologies,* this Court dismissed a class action suit which had brought claims under fifty-one different unfair trade practices acts for "failure to plead them with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure," and more specifically, for failure to allege a cognizable injury. *Delahunt v. Cytodyne Technologies*, 241 F.Supp.2d 827, 840-41 (S.D. Ohio, 2003). Thus, the elevated standards of Rule 9(b) will be applied to Plaintiff's claims under the Unfair and Deceptive Sales Act.

When considering claims under Rule 9(b), the Sixth Circuit reads the rule's requirements "liberally, ... requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.*" Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993). Plaintiff's Complaint fails to state with specificity the intent of Defendants, the times (dates) of the offenses, or exact content of the offending transmissions. Plaintiff's Complaint is further devoid of any mention of an injury, economic or otherwise, resulting from the alleged fraud.

### 2. Rules 12 (b)(6) & 12(c)

Defendant's alleges that Plaintiff failed to plead that he entered into consumer transaction with Defendants as required to sustain a claim under O.R.C. 1345.01. In order to make a claim of unfair or deceptive acts, the supplier must commit the act or practice "in connection with a consumer transaction". O.R.C. 1345.02(A). A "consumer transaction," as defined by O.R.C. 1345.01(A), is "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitations to supply any of these things." O.R.C. 1345.01(a). Plaintiff's Complaint alleges that "each of the email messages transmitted by Defendants to Plaintiff [was] a 'consumer transaction'". Compl. ¶ 14. Plaintiff fails to plead that the emails meet the definition of consumer transaction by categorizing them as sales, leases, assignments, awardings by chance or other transfers of goods, services, or franchises. Even though Plaintiff refers to the emails as consumer transactions in his complaint, his fails to offer any factual allegations to prove this to be true. As such, based on the premise that legal conclusions framed as factual allegations do not have to be viewed in the light most favorable to Plaintiff, Plaintiff is not entitled to the presumption of that this allegation is true. *See Lewis v. ACB Bus. Serv., Inc.* 135 F.3d 389, 405 (6th Cir. 1998); *Morgan v. Church's Fried Chicken*, 929 F.2d 10, 12 (6th Cir. 1987). Without the presumption of truth, Plaintiff fails to meet the burden of proof that a consumer transaction actually took place. Thus, he cannot survive a motion to dismiss.

Defendant's also alleges that Plaintiff failed to assert that Defendants sent any of the offending emails and cites the lack of emails provided by Plaintiff as proof of the inability to name a responsible defendant. There are no facts or affirmative assertions alleged in the Complaint supporting the belief that Defendants sent the emails. As such it is mere inference that Defendant

is in violation of the law. Inference alone is not sufficient to survive a 12(b)(6) motion. *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir.).

## V. CONCLUSION

For the foregoing reasons, Defendant Vente's Motion to Dismiss is **GRANTED**, Defendants Zoomego and Consumer Research's Motions to Dismiss is **GRANTED**, and Defendants' Subscriberbase and Restoration Media's Motion for Judgment on the Pleadings is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                            **JUDGE ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: July 3, 2007**